# 22-3182

## In the United States Court of Appeals

### FOR THE SECOND CIRCUIT

KATHY DREW KING, REGIONAL DIRECTOR OF REGION 29 OF THE
NATIONAL LABOR RELATIONS BOARD FOR AND ON BEHALF OF THE
NATIONAL LABOR RELATIONS BOARD

*Petitioner-Appellee,*

v.

AMAZON.COM SERVICES LLC,

*Respondent-Appellant.*

On Appeal from the United States District Court
for the Eastern District of New York,
No. 1:22-cv-01479, Hon. Diane Gujarati

## OPENING BRIEF

### MORGAN, LEWIS & BOCKIUS LLP

Richard G. Rosenblatt
502 Carnegie Center
Princeton, NJ 08540
T: 609.919.6600

Stephanie Schuster
1111 Pennsylvania Avenue NW
Washington, DC 20004
T: 202.739.3000

Christopher J. Murphy
1701 Market Street
Philadelphia, PA 19103
T: 215.963.5000

*Counsel for Appellant*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellant Amazon.com

Services LLC states that it is a wholly owned subsidiary of Amazon.com Sales, Inc.,

which is a wholly owned subsidiary of Amazon.com, Inc.

## **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT ...............................................................1

STATEMENT OF ISSUES.........................................................................2

STATEMENT OF THE CASE .....................................................................3

    I.    Factual Background ......................................................................3

    II.   The District Court's Section 10(j) Ruling.......................................6

SUMMARY OF ARGUMENT .....................................................................8

ARGUMENT............................................................................................9

    I.    The Cease-And-Desist Order Violates Rule 65(d) Because It
           Simply Directs Amazon To Obey The Law ...................................9

    II.   The District Court Lacked Authority To Issue Section 10(j) Relief
          Without Finding It Was Necessary To Preserve The Status Quo Or
          Prevent Irreparable Harm ...........................................................14

CONCLUSION........................................................................................19

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Bozzuto's Inc. v. NLRB*,
  927 F.3d 672 (2d Cir. 2019) ...............................................................11

*City of New York v. Mickalis Pawn Shop, LLC*,
  645 F.3d 114 (2d Cir. 2011) ....................................................9, 10, 13

*Corning Inc. v. PicVue Elecs., Ltd.*,
  365 F.3d 156 (2d Cir. 2004) ..................................................................9

*NLRB v. Express Pub. Co.*,
  312 U.S. 426 (1941)...........................................................................11

*NLRB v. Inn Credible Caterers, Ltd.*,
  247 F.3d 360 (2d Cir. 2001) .............................................................9, 13

*John. B. Hull, Inc. v. Waterbury Petrol. Prod., Inc.*,
  588 F.2d 24 (2d Cir. 1978) .................................................................10

*Kaynard v. Mego Corp.*,
  633 F.2d 1026 (2d Cir. 1980) .......................................13, 15, 18, 19

*Kreisberg v. HealthBridge Mgmt.*,
  732 F.3d 131 (2d Cir. 2013) ...................................................12, 15, 19

*McLeod v. Gen. Elec. Co.*,
  366 F.2d 847 (2d Cir. 1966) .........................................................13, 14

*Motion Picture Studio, Loc. 52 v. NLRB*,
  593 F.2d 197 (2d Cir. 1979) ...............................................................11

*Paulsen v. Remington Lodging & Hosp., LLC*,
  773 F.3d 462 (2d Cir. 2014) ...............................................15, 18, 19

*Peregrine Myanmar Ltd. v. Segal*,
  89 F.3d 41 (2d Cir. 1996) ..................................................................10

*Schmidt v. Lessard*,
  414 U.S. 473 (1974)............................................................................9

*Silverman v. MLB Players Relations Comm.*,
880 F. Supp. 246 (S.D.N.Y. 1995) ....................................................14

*Swift & Co v. United States*,
196 U.S. 375 (1905)..........................................................................10

*NLRB v. Wagner Iron Works*,
220 F.2d 126 (7th Cir. 1955) .............................................................14

**Statutes**

28 U.S.C. § 1291 ...................................................................................1

29 U.S.C. § 158(a)(1)..........................................................................11

29 U.S.C. § 160(a) .........................................................................13, 14

29 U.S.C. § 160(b) .........................................................................13, 14

29 U.S.C. § 160(c) .........................................................................13, 14

29 U.S.C. § 160(d) .........................................................................13, 14

29 U.S.C. § 160(e) .........................................................................13, 14

29 U.S.C. § 160(f) ...............................................................................13

29 U.S.C. § 160(j) ..................................................................1, 3, 13, 14

**Other Authorities**

11A Charles Alan Wright & Arthur R. Miller, Fed. Prac. &
Proc. Civ. § 2955 (3d ed.) ..............................................................10

Fed. R. Civ. P. 65(d) ..............................................................................9

*In re Amazon.com Servs. LLC*, 2023 WL 1107695
(NLRB ALJ Decision Jan. 30, 2023)................................................16

## **<u>GLOSSARY</u>**

| | |
|---|---|
| **A__** | page(s) in the Joint Appendix |
| **Amazon** | Appellee Amazon.com Services LLC |
| **ALU** | Amazon Labor Union |
| **ECF No.** | numbered entries on the district court's docket |
| **NLRA** | National Labor Relations Act |
| **NLRB or Board** | National Labor Relations Board, and Appellee Kathy Drew King, Regional Director of Region 29 of the National Labor Relations Board, who commenced this action for and on behalf of the National Labor Relations Board |

## **JURISDICTIONAL STATEMENT**

The National Labor Relations Board ("NLRB" or "Board") commenced this action pursuant to 29 U.S.C. § 160(j) to request temporary relief pending the Board's disposition of an unfair labor practice charge (NLRB Case No. 29-CA-261755). A13.  The district court had subject-matter jurisdiction under 29 U.S.C. § 160(j). The district court issued an injunction on November 18, 2022, A146–47, and final judgment on November 21, 2022, A149.  Amazon timely appealed on December 19, 2022.  A151.  This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## **STATEMENT OF ISSUES**

1.  Federal Rule of Civil Procedure 65(d) requires injunctions to be more specific than a general command to obey the law. The district court issued a cease-and-desist order that merely directs Amazon to obey its obligations under the National Labor Relations Act. Does the cease-and-desist order violate Rule 65(d)?

2.  District courts may not issue Section 10(j) injunctions unless the Board demonstrates that such relief is necessary to prevent irreparable harm or preserve the status quo. The district court issued a cease-and-desist order pursuant to Section 10(j) without finding that such relief was necessary to prevent irreparable harm or preserve the status quo. Did the district court abuse its discretion by issuing a Section 10(j) cease-and-desist order without any finding of necessity to prevent irreparable harm or preserve the status quo?

## <u>STATEMENT OF THE CASE</u>

Non-party Gerald Bryson filed an unfair labor practice charge with the NLRB, arguing that Amazon terminated his employment in violation of the National Labor Relations Act. The Board has not finally resolved Bryson's charge. Two years after Amazon terminated Bryson's employment, 638 days after Bryon filed his charge— and just 8 days before the Amazon Labor Union was set to participate in a union representation election conducted by the Board at the facility Bryson worked at—the Board commenced this action under Section 10(j) of the NLRA, 29 U.S.C. § 160(j). The Board sought a temporary injunction reinstating Bryson's employment and other, ancillary relief. District Judge Diane Gujarati denied that request. The district court held that the Board had failed to carry its burden to show that Bryson's immediate reinstatement was "just and proper." The district court nevertheless issued an order that Amazon "cease and desist from" any violations of the NLRA. *King v. Amazon.com Servs. LLC*, 2022 WL 17083273 (E.D.N.Y. 2022). Amazon appeals the cease-and-desist order because it violates settled law that an order vaguely directing general compliance with the law, punishable by contempt, is unjust and improper.

## I.     **Factual Background**

Amazon terminated Gerald Bryson's employment for cause in April 2020, a full year before the Amazon Labor Union was formed. Amazon terminated Bryson's employment because, while protesting outside of Amazon's JFK8 facility, he

viciously and profanely berated a female co-worker who disagreed with his protest. Loudly, publicly, and repeatedly—via bullhorn and social media live stream—Bryson declared that his co-worker abused "fentanyl," had "track marks," and was high at work; called her "crack ho," "gutter bitch," "queen of the slums," and "scum of the earth"; said she looked "disgusting"; and because he did not know her name, patronizingly referred to her as "baby girl" and "sweetheart." None of these statements are disputed.

Bryson filed an unfair labor practice charge with the Board on June 17, 2020, and the Board issued a complaint on December 22, 2020. A14 ¶¶ 4–5. The underlying charge was tried before a Board administrative law judge over 16 non-consecutive days between March 2021 and December 2021. A14 ¶ 5(a). During this time, the Board never once raised the possibility that Bryson's case warranted extraordinary injunctive relief under Section 10(j) of the NLRA.

But then, on March 17, 2022—nearly two years after Bryson was let go and just one week before the union election was set to start at Amazon's JFK8 facility— the Board petitioned for a Section 10(j) injunction compelling Amazon to immediately reinstate Bryson. A13. Although Amazon had terminated Bryson's employment a full year before the Amazon Labor Union even existed, the Board argued that his immediate reinstatement was necessary to ensure the ALU had a fair

chance of election success. The district court declined to grant any immediate relief and allowed Amazon limited discovery. A7 (Mar. 24, 2022 Minute Order).

The March 2022 election at JFK8 went forward, and it was determined that the ALU received the most votes cast. The election results were not certified, however, because Amazon timely filed objections. On July 5, 2022, the Board filed an amended petition for the same Section 10(j) relief: Bryson's immediate reinstatement and ancillary relief. This time, the Board argued that despite the JFK8 election tally, Bryson's immediate reinstatement was necessary to prevent "erosion of support" for the ALU. ECF No. 45 at 17–18.

In the interim, on April 18, 2022, the ALJ issued a decision in the underlying proceedings before the Board. Although the propriety of Bryson's conduct on April 6, 2020 was the key issue in the case, the ALJ inexplicably failed to examine Bryson's actions in any detail, focusing almost exclusively on the conduct of the female co-worker against whom Bryson directed his verbal assault. Because Amazon issued the female co-worker a lesser form of discipline (a written warning), the ALJ concluded that Bryson's termination reflected disparate treatment and held that Amazon should reinstate Bryson. In addition to disregarding the facts, the ALJ reached that conclusion by disregarding well-established law, fashioning an entirely new standard to find against Amazon in this case. Amazon timely filed exceptions to the ALJ decision. ECF No. 47-23. The Board has yet to issue a final decision.

## II.     The District Court's Section 10(j) Ruling

On November 18, 2022, the district court denied in part and granted in part the Board's amended petition.  Deferring entirely to the ALJ's challenged decision and the Board's legal theory in the underlying proceeding, the district court found "reasonable cause" to believe an unfair labor practice had occurred—one of two findings required before the entry of Section 10(j) relief.  A135.  But the court declined to enter the primary relief the Board sought—Bryson's reinstatement.  The court rejected that relief because it held that it was not "just and proper"—the other finding necessary prior to entry of Section 10(j) relief—because the Board failed to offer any "concrete, non-speculative evidence" of irreparable harm absent an injunction.  A143.  In particular, the district court held that the Board failed to present evidence that Bryson's absence from the workplace had "any appreciable effect on the ALU's efforts or on employee willingness to engage in protected concerted activity."  A142–43; *see* A144 ("In sum, Petitioner has failed to demonstrate that Bryson-specific affirmative relief would affect employee willingness to engage in organizing, collective bargaining, or other protected activities.").

Nevertheless, the district court split the proverbial baby and provided ancillary relief for which the Board failed to present evidence or meaningful argument.  Specifically, the district court determined that it was "just and proper" to issue "an order directing [Amazon] to cease and desist from discharging employees because

6

they engaged in protected concerted activity and from, in any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed to them by Section 7 of the NLRA." A139.  The entirety of the district court's analysis as to why such relief was warranted is as follows:

> In light of the Court's finding that there is reasonable cause to believe that an unfair labor practice has been committed and in consideration of the relevant equitable principles, the Court concludes that a cease and desist order is warranted to ensure that [Amazon] refrains from engaging in unfair labor practices.

A140.

The injunction directs Amazon to comply with federal labor law.  Specifically, the district court ordered that Amazon "shall . . . [c]ease and desist from: (a) [d]ischarging employees because they engaged in protected concerted activity; and (b) [i]n any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed to them by Section 7 of the National Labor Relations Act."  A146.  The district court explained that such a cease-and-desist order is "appropriate" and "proper" because "it simply reconfirms an employer's existing obligations."  A139 (cleaned up).[1]

---

[1]    The district court also ordered Amazon to (i) read the entirety of the court's 30-page decision, in English and Spanish, to all JFK8 employees; and (ii) post the full decision at JFK8 and electronically distribute it to all JFK8 employees.  A146–47; *see* ECF No. 57; A12 (Nov. 23, 2022 Minute Order).  Amazon had only a couple weeks to comply, which it chose to do rather than risk a contempt citation.  *See* ECF No. 61.

# SUMMARY OF ARGUMENT

The district court correctly refused to grant the Board the primary relief it sought: an order compelling Amazon to reinstate Bryson pending the outcome of the underlying administrative proceeding. That should have been the end of the inquiry. The district court nevertheless issued a broad cease-and-desist order directing Amazon to comply with its obligations under the NLRA. In two different ways, the district court lacked authority to issue such an order.

*First*, this Court and the Supreme Court have long held that injunctions that vaguely command a party to obey the law—at the peril of contempt citations—violate Federal Rule of Civil Procedure 65(d). The district court issued such an injunction anyway, highlighting that it merely "reconfirms" Amazon's existing legal obligations and that other district courts, at the Board's urging, have issued similar injunctions. Neither is grounds for ignoring this Court's precedent or Rule 65(d)'s requirements.

*Second*, this Court has long held that district courts may issue Section 10(j) injunctions *only if* the Board shows that such relief is necessary to preserve the status quo or prevent irreparable harm. The Board did not present any evidence showing that an "obey the law" cease-and-desist order was necessary in either sense. The

---

While Amazon maintains that the Board failed to show that such relief was just and proper, its challenges to these aspects of the injunction are moot.

district court likewise did not analyze whether—much less purport to find that—the cease-and-desist order was necessary.  This Court should reverse.

## ARGUMENT

The Court reviews whether an injunction complies with Federal Rule of Civil Procedure 65(d) *de novo*.  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 143 (2d Cir. 2011).  Apart from Rule 65(d), the Court reviews the district court's determination that Section 10(j) relief is just and proper for abuse of discretion, but "fully" reviews the district court's legal conclusions.  *NLRB v. Inn Credible Caterers, Ltd.*, 247 F.3d 360, 364 (2d Cir. 2001).

## I.  The Cease-And-Desist Order Violates Rule 65(d) Because It Simply Directs Amazon To Obey The Law.

Federal Rule of Civil Procedure 65(d) commands that "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail . . . the act or acts restrained or required."  These "are no mere technical requirements."  *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).  They "reflect Congress' concern with the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party may unwittingly and unintentionally transcend its bounds."  *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004).  Because these requirements are founded in basic notions of fairness, notice, and due process, injunctions that violate Rule 65(d) "will not withstand appellate scrutiny."  *Id.*

9

One type of injunction can never satisfy Rule 65(d)'s specificity requirements: an injunction that, by court order, merely directs the enjoined party to comply with existing law. 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2955 (3d ed.) ("[O]rders simply requiring defendants to 'obey the law' uniformly are found to violate the specificity requirement.") (collecting cases). This Court has repeatedly made clear that, to satisfy Rule 65(d), "an injunction must be more specific than a simple command that the defendant obey the law." *Mickalis Pawn Shop*, 645 F.3d at 144; *accord Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996).

This proposition is not new. As the Supreme Court put it more than 100 years ago: "[W]e . . . are bound, by the first principles of justice, not to sanction a decree so vague as to put the whole conduct of the defendants' business at the peril of a summons for contempt. We cannot issue an injunction against all possible breaches of the law." *Swift & Co v. United States*, 196 U.S. 375, 396 (1905); *accord John. B. Hull, Inc. v. Waterbury Petrol. Prod., Inc.*, 588 F.2d 24, 30 (2d Cir. 1978) ("A decree cannot . . . enjoin all possible breaches of law.").

The cease-and-desist order the district court issued merely directs Amazon to obey the law. Federal law already prohibits Amazon from "(a) [d]ischarging employees because they engaged in protected concerted activity" and from otherwise "(b) interfering with, restraining, or coercing employees in the exercise of

10

the rights guaranteed to them by Section 7 of the National Labor Relations Act." A146; *see* 29 U.S.C. § 158(a)(1) ("It shall be an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title [where Section 7 of the NLRA is codified]."); *Bozzuto's Inc. v. NLRB*, 927 F.3d 672, 682 (2d Cir. 2019) ("An employer violates §§ 8(a)(1) and (3) of the [NLRA] by disciplining an employee for engaging in union activity or other section 7 conduct [*i.e.*, protected concerted activity].").

Even in cases where "a court has found that a defendant has committed an act in violation of a statute"—a finding not made here—that "mere fact . . . does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt proceedings if he shall at any time in the future commit some new violation unlike and unrelated to that with which he was originally charged." *NLRB v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Motion Picture Studio, Loc. 52 v. NLRB*, 593 F.2d 197, 200 (2d Cir. 1979) (injunctions broader than the specific conduct at issue upheld only if "at the time the injunction issued, there was reason to fear that future violations would result from a pattern or plan of illegal activity already instituted").

Here, the district court did not find *any* violation of law, much less evidence that might suggest a risk of a *future* violation. In a Section 10(j) proceeding, a district

court need only analyze whether there is "reasonable cause to believe that unfair labor practices have been committed." *Kreisberg v. HealthBridge Mgmt.*, 732 F.3d 131, 141 (2d Cir. 2013). And that is all the district court analyzed in this case. Further, the district court's "reasonable cause" finding was the product of deference, not any independent determination of whether Amazon's termination of Bryson's employment was unlawful. *See* A135–37. And as explained in detail below, the district court did not find a shred of evidence showing a risk that Amazon would engage in unfair labor practices in the future. *See infra*, pp. 16–19.

The district court dismissed as "unpersuasive" Amazon's argument, based on this Court's precedent, that injunctions to comply with the law are improper. A139. The court noted that other *district courts* have issued similar "obey the law" injunctions. *See id.* The court further noted that one district court had determined that "an injunction requiring an employer to cease and desist from engaging in clear violations of the NLRA 'is clearly proper insofar as *it simply reconfirms an employer's existing obligations*' under the NLRA." *Id.* (emphasis added) (quoting *NLRB v. Kingsbridge Heights Rehab. & Care Ctr.*, 2008 WL 3833948, at *25 (S.D.N.Y. 2008)). Indeed, the Board urged the district court that a cease-and-desist order was proper "even if it is *merely a requirement to obey the law.*" ECF No. 48 at 3 (emphasis added). But this Court scarcely could have been more explicit when it stated that "an injunction must be more specific than a simple command that the

defendant obey the law." *Mickalis Pawn Shop*, 645 F.3d at 144. That other *district courts* may have issued "obey the law" injunctions at the Board's behest, *see* A139, is not an excuse for the district court to disregard *this Court's* precedents.

An "obey the law" injunction is especially improper in the Section 10(j) context. As explained in greater detail below, Congress created a specific statutory framework for litigating unfair labor practice charges that starts with administrative proceedings and can only result in an enforceable order after judicial review. *See* 29 U.S.C. § 160(a)–(f). Section 10(j) enables the Board to seek immediate, temporary relief in extraordinary circumstances only. 29 U.S.C. § 160(j); *McLeod v. Gen. Elec. Co.*, 366 F.2d 847, 849–50 (2d Cir. 1966), *vacated as moot*, 385 U.S. 533 (1967).[2] An "obey the NLRA" injunction permits the Board to end-run the statutory framework for litigating unfair labor practice charges against the enjoined employer; instead, the Board might simply pursue contempt. The Board should not be allowed to abuse Section 10(j) to accomplish this improper result. Yet, that is precisely what the district court allowed the Board to do when it issued the requested cease-and-desist order.

---

[2]     Although the decision was vacated as moot, this Court continues to rely on *McLeod* in Section 10(j) cases. *See, e.g.*, *Inn Credible Caterers*, 247 F.3d at 368; *Kaynard v. Mego Corp.*, 633 F.2d 1026, 1033 (2d Cir. 1980).

## II.    The District Court Lacked Authority To Issue Section 10(j) Relief Without Finding It Was Necessary To Preserve The Status Quo Or Prevent Irreparable Harm.

Section 10(j) proceedings are unusual, and they are supposed to be rare. Through administrative procedures, the Board adjudicates unfair labor practice charges in the first instance.  *See* 29 U.S.C. § 160(a)–(d).  Even when those administrative procedures yield a final decision, the Board's order is without effect unless and until the Board successfully petitions to enforce it.  29 U.S.C. § 160(e); *see, e.g.*, *NLRB v. Wagner Iron Works*, 220 F.2d 126, 132 (7th Cir. 1955) ("A petition for enforcement of an order is a special statutory proceeding in which the Court alone may make the order coercively effective.").

The administrative process can take significant time, so Congress created a special proceeding to permit the Board to petition for "appropriate temporary relief or restraining order."  29 U.S.C. § 160(j); *see Silverman v. MLB Players Relations Comm.*, 880 F. Supp. 246, 255 (S.D.N.Y. 1995) (Sotomayor, J.) ("Provision 10(j) of the Act authorizes district courts to grant temporary injunctions pending the outcome of unfair labor practice proceedings before the Board.").  Such an injunction, pending the Board's final resolution of the underlying charge, "is an extraordinary remedy indeed."  *Mego Corp.*, 633 F.2d at 1033; *see McLeod*, 366 F.2d at 849–50 (Section 10(j) injunctions are "properly restricted" to "cases of extraordinary

14

circumstances," used "not as a broad sword, but as a scalpel, ever mindful of the dangers inherent in conducting labor management relations by way of injunction").

The "two-prong standard" that defines district courts' discretion to issue a Section 10(j) injunction is "well established." *Paulsen v. Remington Lodging & Hosp., LLC*, 773 F.3d 462, 468 (2d Cir. 2014). The extraordinary Section 10(j) remedy is appropriate only if (a) there is "reasonable cause" to believe an unfair labor practice has been committed *and* (b) the relief requested is "just and proper." *HealthBridge Mgmt.*, 732 F.3d at 141. While Amazon does not challenge the district court's deference-based "reasonable cause" finding here, the district court's cease-and-desist order falters on the "just and proper" prong.

Whether relief is "just and proper" is judged by a "stringent standard," *Mego Corp.*, 633 F.2d at 1033, that demands an immediate injunction be "*necessary* to prevent irreparable harm or to preserve the status quo," *Remington Lodging*, 773 F.3d at 469 (emphasis added). "[I]n the absence of a showing of the necessity of preserving the status quo or of preventing irreparable harm," a Section 10(j) injunction is "improper." *Mego Corp.*, 633 F.2d at 1033. The relevant harm is "harm to [union] organizational efforts." *Remington Lodging*, 773 F.3d at 469. Thus, the extraordinary Section 10(j) remedy is not "just and proper" unless it is necessary to prevent serious harm to union organizing.

The Board did not present any evidence or develop any argument in support of its request for a generic, "obey the law" cease-and-desist order in its amended petition or opening brief. Despite months of time to develop its position, the Board addressed this issue for the first time, and with just a couple sentences, in its reply brief. Citing nothing more than a link to search results for "Amazon.com" on the NLRB website, the Board asserted that a cease-and-desist order "to obey the law" was necessary because there were then "over 100" unfair labor practice charges pending. ECF No. 48 at 2–3 & n.8. What the Board did not mention is that those charges contained only *mere allegations* against Amazon—most of which have subsequently been dismissed or withdrawn after preliminary investigation.[3] Moreover, at an employer with more than 1 million U.S. employees, this is actually a relatively small number of charges.

That belated, generic reference to allegations that even the Board has rejected is not evidence. Indeed, the entirety of the Board's "just and proper" evidence related exclusively to its bid for interim relief that the district court denied: Bryson's

---

[3]     Most of these charges were only pending because the Board (and specifically, Region 29) was slow to dismiss them. Ultimately, however, the Board did dismiss or solicit the withdrawal of the vast majority of the charges as lacking merit. As for the few charges Region 29 has actually litigated, an NLRB administrative law judge recently dismissed nearly all of them. *See In re Amazon.com Servs. LLC*, 2023 WL 1107695, at *33 (NLRB ALJ Decision Jan. 30, 2023) ("I have not found many unfair labor practices and the ones I did find were not entirely obvious or clear cut.").

immediate reinstatement. The district court analyzed in detail whether the record showed that such relief was necessary to prevent irreparable harm to union organizing and rightly concluded that it did not. Specifically, the court concluded that Bryson's reinstatement was not "necessary to protect the rights and organization efforts of Amazon employees." A142. The Board failed to present "evidence to support a determination that Bryson's termination had an appreciable effect on employee engagement during ALU organizing efforts prior to [the March 2022] election," or that there had been any "ongoing effect on employee willingness to support the ALU or to engage in protected activity following" the election. A143. The court instead found that, "[t]o the contrary, the record reflects that Amazon employees have, since Bryson's termination, engaged in protected activity in earnest by supporting the ALU." *Id.*; *see* A144–45 ("Petitioner has failed to demonstrate that Bryson's continued non-reinstatement will cause irreparable harm to employees' concerted activities, the ALU's status at JFK8, or the ALU's bargaining position. Petitioner has additionally failed to demonstrate that current levels of employee engagement are any lower than they would otherwise have been had Bryson not been terminated, and therefore that any 'status quo' must be restored.").

Yet, despite the Board's complete lack of proof, the district court determined that a cease-and-desist order was somehow warranted. The court's rationale for granting extraordinary Section 10(j) relief occupies a single sentence in the decision:

"In light of the Court's finding that there is reasonable cause to believe that an unfair labor practice has been committed and in consideration of the relevant equitable principles, the Court concludes that a cease and desist order is warranted to ensure that [Amazon] refrains from engaging in unfair labor practices."  A140.  That is plain, reversible error.

The district court summarily concluded that a cease-and-desist order was "warranted."  *Id.*  The district court did not find that such relief was *necessary* to prevent irreparable harm, preserve the status quo, or do anything else.  *See, e.g.*, *Remington Lodging*, 773 F.3d at 469 (Section 10(j) relief cannot issue unless "necessary to prevent irreparable harm or to preserve the status quo").  The district court did not cite *any evidence* demonstrating that such relief was necessary.  *See, e.g.*, *Mego Corp.*, 633 F.2d at 1033 (Section 10(j) relief is "improper" if issued "in the absence of a showing of the necessity of preserving the status quo or of preventing irreparable harm").

The district court based its conclusion that relief was "warranted" entirely on the court's "finding that there is reasonable cause to believe that an unfair labor practice has been committed."  A140.  Apparently under the guise of some vague notion of unspecified "equitable principles," the district court improperly collapsed two distinct inquiries—"reasonable cause" and "just and proper"—into one.  This Court's "decisions make clear that the task of a district court in a section 10(j)

18

proceed is *two-fold*." *Mego Corp.*, 633 F.2d at 1030 (emphasis added); *accord Remington Lodging*, 773 F.3d at 468 ("The *two-prong standard* for § 10(j) injunctive relief is well established.") (emphasis added); *HealthBridge Mgmt.*, 732 F.3d at 142 ("[W]e see no reason to abandon the two-part § 10(j) standard.").

Nor did the district court explain *how* its "reasonable cause" finding shows that a sweeping cease-and-desist order is warranted. Indeed, the court found "reasonable cause" *not based on any evidence* of irreparable harm, but merely *based on deference* to the Board's legal position and *deference* to the ALJ's challenged ruling. *See* A135–37. The district court did not make any findings of fact itself in support of that determination.

In short, the district court did not purport to find—and could not have found—that the cease-and-desist order it issued is necessary to restore the status quo or prevent irreparable harm. As a matter of well-established law, set forth in this Court's precedents, that was legal error.

## CONCLUSION

The district court lacked authority to subject Amazon to a cease-and-desist order that vaguely directs it to comply with its existing legal obligations. This Court has long held that Rule 65(d) prohibits precisely this sort of "obey the law" injunction. The district court disregarded that precedent. In addition, this Court has long held that district courts may not issue Section 10(j) relief absent a showing that

such relief is necessary to prevent irreparable harm or preserve the status quo. The Board did not make that showing, and the district court did not purport to conclude that the cease-and-desist order was necessary to prevent irreparable harm or preserve the status quo. Yet, the district court issued the cease-and-desist order pursuant to Section 10(j) anyway. For either reason, this Court should reverse and vacate the cease-and-desist order.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: April 6, 2023

s/ Stephanie Schuster
Stephanie Schuster
1111 Pennsylvania Avenue NW
Washington, DC 20004
T: 202.739.3000
F: 202.739.3001
stephanie.schuster@morganlewis.com

Richard G. Rosenblatt
502 Carnegie Center
Princeton, NJ 08540
T: 609.919.6600
F: 609.919.6701
richard.rosenblatt@morganlewis.com

Christopher J. Murphy
1701 Market Street
Philadelphia, PA 19103
T: 215.963.5000
F: 215.963.5001
christopher.murphy@morganlewis.com

*Counsel for Appellant*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify that this motion complies with the type-volume limits of Rule 27(d)(2) because this document contains 4,467 words, and complies with the typeface and type-style requirements of Rule 32(a)(5)–(6) because it has been prepared in 14-point, Times New Roman font.

Dated: April 6, 2023        s/ Stephanie Schuster
                                                Stephanie Schuster