# 22-3182

## In the United States Court of Appeals

### FOR THE SECOND CIRCUIT

TERESA POOR, REGIONAL DIRECTOR OF REGION 29 OF THE NATIONAL
LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL
LABOR RELATIONS BOARD,

*Petitioner-Appellee*,

v.

AMAZON.COM SERVICES LLC,

*Respondent-Appellant.*

On Appeal from the United States District Court
for the Eastern District of New York,
No. 1:22-cv-01479, Hon. Diane Gujarati

### REPLY BRIEF

#### MORGAN, LEWIS & BOCKIUS LLP

Richard G. Rosenblatt
502 Carnegie Center
Princeton, NJ 08540
T: 609.919.6600

Christopher J. Murphy
1701 Market Street
Philadelphia, PA 19103
T: 215.963.5000

Stephanie Schuster
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: 202.739.3000

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................ ii

INTRODUCTION ........................................................................1

ARGUMENT ...........................................................................2

    I.    The Board Cannot Manufacture A Finding Of Irreparable Harm The District Court Never Made..............................................2

    II.   The Board Offers No Meaningful Defense Of The District Court's "Obey The Law" Injunction...................................8

CONCLUSION ........................................................................11

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**CASES**

*Bloedorn v. Francisco Foods, Inc.*,
   276 F.3d 270 (7th Cir. 2001) ................................................................6

*City of New York v. Mickalis Pawn Shop, LLC*,
   645 F.3d 114 (2d Cir. 2011) .................................................................9

*Corning Inc. v. PicVue Elecs., Ltd.*,
   365 F.3d 156 (2d Cir. 2004) ...........................................................8, 11

*Kaynard v. Mego Corp.*,
   633 F.2d 1026 (2d Cir. 1980) .........................................................2, 6, 7

*Kreisberg v. HealthBridge Mgmt.*,
   732 F.3d 131 (2d Cir. 2013) .................................................................7

*Lion Elastomers LLC*,
   372 NLRB No. 83 (2023) ....................................................................6

*McLeod v. Gen. Elec. Co.*,
   366 F.2d 847 (2d Cir. 1966) .................................................................8

*NLRB v. Palby Lingerie, Inc.*,
   625 F.2d 1047 (2d Cir. 1980) ...............................................................6

*Paulsen v. Remington Lodging & Hosp., LLC*,
   773 F.3d 462 (2d Cir. 2014) .........................................................2, 4, 7

*Schmidt v. Lessard*,
   414 U.S. 473 (1974) .............................................................................9

*Swift & Co v. United States*,
   196 U.S. 375 (1905) ...........................................................................11

# TABLE OF AUTHORITIES

(continued)

**Page(s)**

**STATUTES**

National Labor Relations Act
    29 U.S.C. § 151 *et seq.* ....................................................................2, 6
    29 U.S.C. § 157................................................................................9
    29 U.S.C. § 160(j)...................................................................*passim*

**RULES**

Fed. R. Civ. P. 65(d) ..............................................................*passim*

iii

## <u>GLOSSARY</u>

| | |
|---|---|
| **A__** | page(s) in the Joint Appendix |
| **Amazon** | Appellee Amazon.com Services LLC |
| **ALU** | Amazon Labor Union |
| **ECF No.** | numbered entries on the district court's docket |
| **NLRA** | National Labor Relations Act |
| **NLRB or Board** | National Labor Relations Board, and Appellee Teresa Poor, Regional Director of Region 29 of the National Labor Relations Board, who commenced this action for and on behalf of the National Labor Relations Board |

## **INTRODUCTION**

In its opening brief, Amazon demonstrated that the district court's Section 10(j) injunction directing Amazon to comply with its existing legal obligations was an abuse of discretion and must be vacated for two straightforward reasons. *First*, the district court did not find that an injunction was necessary to prevent irreparable harm to organizing efforts or restore the status quo. *Second*, this Court and the Supreme Court have long held that an injunction vaguely commanding the defendant to obey the law—at the peril of contempt—violates Federal Rule of Civil Procedure 65(d).

The Board's principal argument—that the district court correctly found, based on deference to the agency and its Administrative Law Judge ("ALJ"), that there was "reasonable cause" to believe that an unfair labor practice occurred—is non-responsive. Amazon does not challenge the "reasonable cause" finding for purposes of this appeal—that is a dispute that is squarely before the National Labor Relations Board. However, it bears emphasis that the NLRB recently overruled the precedent on which the ALJ based his "reasonable cause" finding and issued a notice to show cause why the underlying matter in this case should not be remanded back to the ALJ for further proceedings. As to the legal bases Amazon asserts to support its appeal, the Board fails to offer any persuasive defense of the district court's injunction and completely fails to rebut the legal errors raised by Amazon.

The Board asserts, repeatedly, that the district court found that a cease-and-desist order was necessary to prevent irreparable harm and restore the status quo. Saying it does not make it so. Not only did the district court make no such finding, but the court's detailed factual findings establish that an injunction was *not necessary* to prevent irreparable harm or restore the status quo.

The Board also fails to justify the district court's "obey the law" injunction. The Board argues that the injunction is sufficiently specific because it does not direct compliance with every aspect of the National Labor Relations Act—because the aspect of the law the injunction directs Amazon to obey is the same aspect of the law that the Board accuses Amazon of violating in the underlying proceeding, and because Amazon, as a large and sophisticated company, does not require all the notice Rule 65(d) requires. These arguments lack merit. This Court should reverse.

## **ARGUMENT**

## I.     **The Board Cannot Manufacture A Finding Of Irreparable Harm The District Court Never Made.**

A district court abuses its discretion by issuing a Section 10(j) injunction that is not necessary to preserve the status quo or prevent serious harm to employee organizing efforts. *Kaynard v. Mego Corp.*, 633 F.2d 1026, 1033 (2d Cir. 1980) ("[Section 10(j)] injunctive relief was improper in the absence of a showing of the *necessity* of preserving the status quo or of preventing irreparable harm." (emphasis added)); *see Paulsen v. Remington Lodging & Hosp., LLC*, 773 F.3d 462, 469 (2d

2

Cir. 2014) (relevant focus is "harm to organizational efforts"). But that is precisely what the district court did here.

Nowhere in its thirty-page decision did the district court find that the cease-and-desist order was necessary for any purpose. Indeed, the following sentence is the court's *full* rationale for issuing the injunction:

> In light of the Court's finding that there is reasonable cause to believe that an unfair labor practice has been committed and in consideration of the relevant equitable principles, the Court concludes that a cease and desist order is warranted to ensure that [Amazon] refrains from engaging in unfair labor practices.

A140 (emphasis added). That was an abuse of discretion. Full stop.

The Board reads that single sentence to say that "[t]he district court . . . concluded that granting interim relief would both restore the status quo and prevent irreparable harm to employees' rights to engage in concerted activities under § 7." NLRB Br. 25; *see also id.* at 17 ("The district court also found an interim order would maintain the lawful status quo."). But no such conclusion can be found in the district court's decision. Not only is the Board's imagined rationale absent from the district court's decision, it is also irreconcilable with the many findings the district court actually made—findings the Board tellingly urges the Court to ignore. *See id.* at 34–37.

The district court found no evidence that Gerald Bryson's termination, which is the only alleged unfair labor practice at issue, "had an appreciable effect on

employee engagement during ALU organizing efforts *prior to*" March 2022, and zero evidence of any "*ongoing* effect on employee willingness to support the ALU or to engage in protected activity *following*" March 2022. A143 (emphases added). As the district court put it: "[t]o the contrary, the record reflects that Amazon employees have, *since Bryson's termination, engaged in protected activity in earnest* by supporting the ALU." *Id.* (emphasis added). Logically, then, a prospective cease-and-desist order is not necessary to prevent irreparable harm to organizing efforts.

Regarding the status quo, the district court found that the Board "failed to demonstrate that current levels of employee engagement are any lower than they would otherwise have been had Bryson not been terminated, and therefore that any 'status quo' must be restored." A144–45. Restoration of the *status quo ante*—"the status quo as it existed prior to the [alleged] unfair labor practices"—is what matters for purposes of the Section 10(j) "just and proper" analysis. *Remington Lodging*, 773 F.3d at 471. The district court's factual findings thus preclude the Board's fanciful distortion of the court's rationale for issuing the cease-and-desist order.

The Board also asserts that the district court "concluded" that (i) "the cease-and-desist order would give employees assurances that their rights will be protected and that it will prevent Amazon from further undermining any employee organizing or bargaining efforts," NLRB Br. 15 (citing A140), and (ii) "similar future violations 'might undermine employee organizing and bargaining efforts,'" *id.* at 27

(quoting A140). The district court made neither conclusion (at A140 or elsewhere). In fact, the district court expressly found the opposite—Bryson's termination did not endanger current or future employee organizing or bargaining efforts. As for (i), the court explained that requiring Amazon "*to post, distribute, and read the Court's order* to employees at the JFK8 Facility is warranted as a measure to give employees confidence that Respondent will refrain from engaging in unfair labor practices." A140 (emphasis added).[1] The court never tied "employee assurances" to the cease-and-desist order. As for (ii), the quoted language is merely the district court's description *of the Board's argument*, not the court's reasoning. *See id.* ("Petitioner argues that a cease and desist order is necessary to prevent Amazon from engaging in future unfair labor practices – conduct that might undermine employee organizing and bargaining efforts. *See* Pet. Reply at 2–3.").

Apart from reasoning the district court never offered and conclusions it never made, the Board insists that the district court's conclusion on the "reasonable cause" prong "establishes an initial inference of irreparable harm." NLRB Br. 26.[2] That proposition conflicts with both law and logic.

---

[1]   That aspect of the injunction also was improper and unsupported by any finding of necessity to preserve the status quo or prevent irreparable harm. However, as Amazon noted in its opening brief (Amazon Br. 7–8 n.1), its challenges to those directives are moot.

[2]   The Board's assertion that "Amazon does not contest[] that there is reasonable cause to believe Amazon violated the Act as alleged," NLRB Br. 16, is a gross

This Court has made clear that, in the Section 10(j) context, the requirement for irreparable harm is a "stringent standard." *Mego Corp.*, 633 F.2d at 1033. The Board insists on the opposite: that irreparable harm findings flow automatically (or at least "initial[ly]," *id.*) from "reasonable cause" findings. None of the Board's cited cases supports that proposition. *See NLRB v. Palby Lingerie, Inc.*, 625 F.2d 1047 (2d Cir. 1980) (nowhere discussing such an inference). In *Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270 (7th Cir. 2001), the court merely observed that, "[i]n appropriate circumstances, *the same evidence* that establishes the [Board]'s likelihood of proving a violation of the NLRA *may provide evidentiary support for* a finding of irreparable harm." *Id.* at 297–98 (emphases added). That proposition is irrelevant here, where the district court's "reasonable cause" finding was not based on any evidence at all: it was based on deference to the Board's argument and the ALJ's decision about the applicability of Board precedent to the underlying case. A135–37; *see* Amazon Br. 19.

Indeed, this is a particularly inappropriate case in which to infer irreparable harm based on deference to the ALJ's finding of reasonable cause. After its decision in *Lion Elastomers LLC*, 372 NLRB No. 83 (2023), the NLRB issued a notice to show cause why the underlying unfair labor practice case should not be remanded back to

---

overstatement. Amazon does not challenge that aspect of the district court's decision in this appeal. That does not mean Amazon agrees with or does not contest the district court's conclusion.

the ALJ for further proceedings. *See* NLRB Br. 25 n.8. Thus, the legal basis upon which the district court found "reasonable cause" has now also been called into question by the NLRB itself.

It is also illogical to infer that a Section 10(j) injunction is necessary to prevent irreparable harm (a prospective inquiry) simply because the court finds "reasonable cause" to believe that an unfair labor practice occurred (a retrospective inquiry). That improperly conflates the two necessary predicates for Section 10(j) relief— "reasonable cause" and "just and proper"—into one, basically the same mistake the district court made. *See* Amazon Br. 18; *Kreisberg v. HealthBridge Mgmt.*, 732 F.3d 131, 142 (2d Cir. 2013) ("[W]e see no reason to abandon the two-part § 10(j) standard."); *Remington Lodging*, 773 F.3d at 468 ("The two-prong standard for § 10(j) injunctive relief is well established.").

And in cases like this one, where the "reasonable cause" finding is purely the product of deference to the Board's legal theories and the ALJ's ruling, *see* A135–37, the Board's inference-of-irreparable-harm argument is absurd. On that view, the Board would be entitled to Section 10(j) relief in *every* case, for in every case the court could simply defer the Board's argument to find "reasonable cause" and then automatically presume that an injunction is necessary to prevent irreparable harm. Section 10(j) injunctions are supposed to be "extraordinary," *Mego Corp.*, 633 F.2d at 1033, yet the Board's argument makes them ordinary. Section 10(j) was never

7

intended to be used in such an unlimited fashion. *McLeod v. Gen. Elec. Co.*, 366 F.2d 847, 849–50 (2d Cir. 1966) (Section 10(j) must be used "not as a broad sword, but as a scalpel, ever mindful of the dangers inherent in conducting labor management relations by way of injunction").

## II.    The Board Offers No Meaningful Defense Of The District Court's "Obey The Law" Injunction.

Below, the Board urged the district court that it had ample authority to issue the cease-and-desist order "even if it is merely a requirement to obey the law." ECF No. 48 at 3. That argument persuaded the district court. *See* A139 (cease-and-desist order that "simply reconfirms an employer's existing legal obligations" is proper). But the Board wisely abandons that argument on appeal, presumably because the Supreme Court and this Court have repeatedly made clear that an injunction directing the defendant to obey the law violates Federal Rule of Civil Procedure 65(d) and "will not withstand appellate scrutiny." *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004); *see* Amazon Br. 9–10.

The Board now insists that the cease-and-desist order does *not* direct Amazon to simply obey the law. According to the Board, the order is "specifically tailored" because it does not direct Amazon to comply with "the overall Act." NLRB Br. 38. That is true and irrelevant. By that logic, only an injunction that literally directs the defendant to "obey the law" would flunk Rule 65(d)'s requirements. That is not the standard. To be enforceable, an injunction must give the defendant "explicit notice

8

of precisely what conduct is outlawed." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). As this Court has made clear: "Rule 65(d) is satisfied *only if* the enjoined party can ascertain from the four corners of the order precisely what acts are forbidden or required." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011) (cleaned up).

The cease-and-desist order fails to provide that minimal specificity here. It prohibits legal wrongs, not specific conduct. The order directs Amazon to cease and desist "[d]ischarging employees because they engaged in protected concerted activity." A146. That is not "specifically tailored to the violation that the district court found there was reasonable cause to believe occurred." NLRB Br. 38. If it were, the order would prohibit Amazon from doing that which the Board alleges occurred: discharging employees for engaging in protests against perceived company policies or for unleashing a vile verbal assault against a coworker who disagreed with the protest.

The order also vaguely directs Amazon to cease and desist from "[i]n any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed to [employees] by Section 7 of the National Labor Relations Act." A146. That does not identify any prohibited conduct. Nor can the phrase "in any like or related manner" provide the necessary specificity, *see* NLRB Br. 38,

9

because it simply refers to the vague directive to obey the law that precedes it. That is, in this order, the phrase "in any like or related manner" is meaningless.

The Board's fallback position is to urge the Court to create a special lesser-notice rule just for Amazon. Because "Amazon is a large, sophisticated employer with competent legal counsel," the Board contends, it can "fairly anticipate from the four corners of the district court's order what conduct may expose Amazon to contempt sanctions" better than some other defendant. *Id.* at 41. That argument lacks legal support and is nonsensical. Amazon is entitled to the same notice of what conduct may subject it to contempt citations as any other litigant. Rule 65(d) does not differentiate between large businesses and small businesses, or between businesses and individuals.[3]

While the Board insists that "[t]he risk of contempt citations should not be a 'talisman' to deny the cease-and-desist order," *id.* at 29, that risk is precisely why Rule 65(d) exists. Rule 65(d)'s requirements address "the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party

---

[3]     Amazon is no better positioned to interpret the district court's vague injunction than the Board. In its brief, the Board states that its "position on the district court's order is that it applies only to Amazon's JFK8 facility," and not nationwide. NLRB Br. 15 n.5. That limitation appears nowhere in the four corners of the injunction. It appears only in the Board's appellate brief, which is cold comfort to Amazon because, should the Board or some other party seek to pursue contempt proceedings based on the "obey the law" injunction, it is *the district court's* interpretation of the order (whatever that may be) that will control, not the Board's.

may unwittingly and unintentionally transcend its bounds." *Corning*, 365 F.3d at 158; *accord Swift & Co v. United States*, 196 U.S. 375, 396 (1905) ("[W]e . . . are bound, by the first principles of justice, not to sanction a decree so vague as to put the whole conduct of the defendants' business at the peril of a summons for contempt."). The district court's obey-the-law injunction is invalid.

## **CONCLUSION**

The district court found no evidence that the alleged unfair labor practice—termination of Bryson's employment—ever had or likely would have any effect on employee organizing efforts. To the contrary, the court found that employees have participated in union activity in earnest ever since. The district court therefore did not find—and could not have found—that Section 10(j) injunctive relief was necessary to prevent irreparable harm or restore the status quo. Issuing the injunction was thus an abuse of discretion. The injunction also violates Rule 65(d) because it vaguely directs Amazon to comply with its existing legal obligations, rather than specifying what conduct is prohibited. For either reason, this Court should reverse and vacate the cease-and-desist order.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: August 18, 2023                 s/ Stephanie Schuster

11

Stephanie Schuster
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: 202.739.3000
F: 202.739.3001
stephanie.schuster@morganlewis.com

Richard G. Rosenblatt
502 Carnegie Center
Princeton, NJ 08540
T: 609.919.6600
F: 609.919.6701
richard.rosenblatt@morganlewis.com

Christopher J. Murphy
1701 Market Street
Philadelphia, PA 19103
T: 215.963.5000
F: 215.963.5001
christopher.murphy@morganlewis.com

*Counsel for Appellant*

## **CERTIFICATE OF COMPLIANCE**

1.      This brief complies with the type-volume limitation of Local Rule 32.1(a)(4)(B) because it contains 2,732 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, Times New Roman 14-point font.

Dated: August 18, 2023                          s/ Stephanie Schuster
                                                                Stephanie Schuster